# EXHIBIT
# A

2/28/2025 3:23 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 97939593
By: Patricia Jones
Filed: 2/28/2025 3:23 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **APRIL THOMPSON,** *Plaintiff,* | § § § | **IN THE DISTRICT COURT** |
| vs. | § § | |
| **JIANGSU YINGDELI INDUSTRIAL CO., INC., HARBOR FREIGHT TOOLS USA, INC., and HARBOR FREIGHT TOOLS CORPORATE, LLC.** *Defendants.* | § § § § § | **OF HARRIS COUNTY, TEXAS** _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

1. Plaintiff, APRIL THOMSPON, files this original petition against Defendants, Jiangsu Yingdeli Industrial Co., Inc. ("Jiangsu") and Harbor Freight Tools USA, Inc. ("Harbor Freight"). Jiangsu and Harbor Freight are collectively referred to as "Defendants."

### I.   DISCOVERY CONTROL PLAN

2. Plaintiff intends to conduct discovery under Level 1 under Texas Rule of Civil Procedure 190.2 and affirmatively pleads that this suit is governed by the expedited actions process in Texas Rule of Civil Procedure 169.

### II.  CLAIMS FOR RELIEF

3. Plaintiff seeks monetary relief of less than $250,000, excluding interest, statutory or punitive damages and attorney fees and costs.

### III.  PARTIES

4. Plaintiff April Thompson (hereinafter "Thompson") is a natural person residing in Harris County, Texas.

5. Defendant Jiangsu Yingdeli Industrial Co., Inc. is a foreign corporation doing business in Texas but does not maintain a Texas registered agent for service. Pursuant to Tex. Civ.

Page 1 of 9

Prac. & Rem. Code Chapter 17, Subchapter C, section 17.044(b), service of process may be made as follows:

> Service of Process
> Secretary of State
> P O Box 12079
> Austin, Texas 78711-2079
>
> As registered agent of service for:
>
> Jiangsu Yingdeli Industrial Co., Inc.
> No. 5 Tongfu Road
> Leyu town,
> Zhangjiagang City, China

6.     Defendant Harbor Freight Tools USA, Inc. is a Delaware corporation with its principal place of business in California and is authorized to do business in Texas. Harbor Freight may be served with process by serving its Registered Agent for service: Corporate Creations Network, Inc., 5444 Westheimer, #1000, Houston, Texas 77056.

7.     Defendant Harbor Freight Corporate, LLC is a Delaware corporation with its principal place of business in California and is authorized to do business in Texas. Harbor Freight may be served with process by serving its Registered Agent for service: Corporate Creations Network, Inc., 5444 Westheimer, #1000, Houston, Texas 77056.

8.     Defendants Harbor Freight Tools USA, Inc. and Harbor Freight Corporate, LLC are herein collectively referred to as "Harbor Freight".

## IV.     JURISDICTION AND VENUE

9.     This Court has personal jurisdiction over Defendants, a nonresident, because Defendants purposefully availed itself of the privileges and benefits of conducting business in Texas.

10. Jurisdiction over this matter is proper because the amount in controversy exceeds the minimum jurisdictional requirements.

11. Venue is permissive in Harris County under Texas Civil Practice & Remedies Code section 15.002 because a substantial part of the events giving rise to the claim occurred in Harris County.

## V.   STATEMENT OF FACTS

12. Jiangsu is in the business of manufacturing, in whole or in part, step stools, work platforms, ramps and ladders. Jiangsu's primary facility is located in Zhangjiagang City. Jiangsu manufactured in part the ladder at issue in this lawsuit.

13. Defendants Harbor Freight are in the business of and derive substantial revenue from designing, manufacturing, producing, importing, supplying, distributing, and selling a wide range of tools, including ladders. Upon information and belief, Harbor Freight worked directly with the factory in manufacturing the ladder at issue in this lawsuit.  Moreover Harbor Fredight designed the packaging, warning labels, and owner's manual that accompanied the ladder. Harbor Freight further imported and sold the ladder at issue in this lawsuit.

14. On August 17, 2022, Plaintiff purchased a "Franklin" brand 17-foot multi-task ladder, Model 63419, (hereinafter "ladder") from a Harbor Freight retail store located at 1405 1-45 N Conroe, TX 77304.

15. On or about April 27, 2023, Plaintiff was using the subject ladder to install wallpaper.

16. Plaintiff adjusted the ladder to the desired height and placed it in an "extension" position as pictured on the 63419 Owner's Manual & Safety Instructions. Plaintiff was stationary on one of the rungs, with both feet placed, when the rung broke, resulting in Plaintiff falling to the

ground. Both ends of the rung partially split, as seen in the following photo:



17.    Plaintiff suffered injuries and damages as a result.

18.    Plaintiff's injuries and damages were caused by the subject ladder's defective condition. Specifically, the subject ladder was defectively designed in that it failed despite being used according to its instruction or it was defectively manufactured on account of inferior-quality materials and processes, which caused the ladder's rung to break and Plaintiff to fall to the ground. The ladder also failed to include proper instructions or warnings. The defective design, manufacture, warnings, or a combination of those failures were the cause of Plaintiff's injuries.

19.    The subject ladder's defective condition rendered the subject ladder unreasonably dangerous for its designed, intended, and foreseeable uses.

20.    The subject ladder's defective and unreasonably dangerous condition actually and proximately caused Plaintiff's injuries and damages

## VI.    CONDITIONS PRECEDENT

21.    All conditions precedent have been satisfied or excused.

## VII. STRICT LIABILITY
### (Against All Defendants)

22.    Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 – 20 as if fully set forth herein.

23.    This is a count for strict liability against Defendants for placing a defectively designed or manufactured ladder into the stream of commerce.

24.    Defendants are both "Manufacturers" under Texas law because each was a "designer, formulator, constructor, rebuilder, fabricator, producer, or assembler of any product or any component part thereof and who places the product or any component part thereof in the stream of commerce." Tex. Civ. Prac. & Rem. Code § 82.001.

25.    Upon information and belief, Jiangsu designed and manufactured portions of the ladder in its China factory. Upon information and belief, Harbor Freight designed components of the ladder, including the packaging art, warning labels, and instructions that are placed on the ladder. These items include an express representation that the ladder accommodates 300 lbs. and the items include the instructions for use. Neither the packaging art, the warning labels, or instructions warned that the ladder would fail even when used in accordance with the instructions.

26.    Harbor Freight defendants are further designated a manufacturer under Texas law because:

       a.    They participated in the design of the product as described above, Tex. Civ. Prac. & Rem. Code § 82.003(a)(1);

       b.    They exercised substantial control over the content of an inadequate warning or instruction that accompanied the product and Plaintiff's harm resulted from the inadequacy of the warning, *Id.* at (a)(4); or

Page **5** of **9**

c.   They made an express factual representation about an aspect of the product, in this case the weight capacity of the ladder, that was incorrect and upon which Plaintiff relied. Had the representation been true, Plaintiff would not have been harmed by the product or suffered the same degree of harm; *Id.* at (a)(5).

d.   Harbor Freight defendants are also a manufacturers under Texas law should Jiangsu be insolvent or not subject to the jurisdiction of this Court. *Id.* at (a)(7).

27.   The subject ladder is defective in its design, manufacture and/or warning.

28.   Harbor Freight sold the subject ladder with the above-described defects.

29.   Defendants manufactured, distributed, marketed, or sold the subject ladder with unintended and unreasonably dangerous defects, which were present in the ladder when Defendants placed it in the stream of commerce.

30.   The subject ladder's defective and unreasonably dangerous condition actually and proximately caused injury and damage to Plaintiff.

## VIII.   NEGLIGENCE
### (Against All Defendants)

31.   Plaintiff re-alleges and incorporates paragraphs 1 – 30 of this Complaint as fully stated herein.

32.   Defendants are responsible for designing, manufacturing, producing, importing, supplying, distributing, and/or selling the subject ladder.

33.   Defendants owed a duty to properly design, manufacture, produce, import, supply, distribute, and sell the subject ladder so that it was in a safe condition and without defect.

34.     Defendants owed a duty to adequately test, inspect, and assure the quality of the subject ladder before placing the ladder into the stream of commerce.

35.     Defendants owed a duty to provide adequate warnings, instructions, and information with the subject ladder.

36.     Defendants breached the above duties.

37.     Defendants' breach of the above duties actually and proximately caused injury and damage to Plaintiff.

## IX.   BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (Against Harbor Freight Defendants)

38.     Harbor Freight defendants also breached their warranty of merchantability. By selling the goods with an implied warranty of merchantability, Defendants have breached this warranty as the goods were not of average quality and were not fit for the ordinary purpose for which they were intended. As a direct and proximate result of Harbor Freight defendant's breach, Plaintiff suffered damages, including but not limited to physical injuries and consequential damages.

39.     The subject ladder was not of merchantable quality for at least the following reasons:

     a.   The subject ladder is defective in its design, manufacture, and/or warning;

     b.   The subject ladder would not pass without objection in the trade under the contract description;

     c.   The subject ladder is not of fair average quality;

     d.   The subject ladder is not fit for the ordinary purposes for which such a good is used;

     e.   The subject ladder does not run within the variations permitted of even kind, quality or quantity;

     f.   The subject ladder was not adequately contained, packaged, or labeled; and

g. The subject ladder does not conform to the promises or affirmations of fact made by Harbor Freight.

40. The subject ladder's defective, unmerchantable, unsuitable unfit, and unreasonably dangerous condition does not conform to the merchantable condition impliedly represented by Harbor Freight at the time Harbor Freight sold the subject ladder to Plaintiff.

41. As a result, Harbor Freight breached the implied warranty of merchantability.

42. Harbor Freight's breach of the implied warranty of merchantability actually and proximately caused injury and damage to Plaintiff.

## X. DAMAGES

43. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered and will continue to suffer serious and permanent injuries and damages. Plaintiff therefore seek from the Defendants all damages as allowed by Texas law including but not limited to damages for lost income, past and future medical care, past and future mental anguish, pain and suffering, and loss of earning capacity.

44. Plaintiff's injury resulted from Defendants' gross negligence, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code §41.003(a)(3).

45. Defendants are jointly and severally liable to Plaintiff for her damages.

## XI. JURY DEMAND

46. Plaintiffs request a trial by jury and have tendered herewith the appropriate fee.

## PRAYER

47. Wherefore, premises considered, Plaintiffs pray that the Defendants be cited to appear and answer herein, that after proper hearing the Plaintiffs have judgment against the Defendants, jointly and severally, for the following:

a.    Actual damages;

b.    Exemplary damages;

c.    Prejudgment interest and post judgment interest;

d.    Court costs; and

e.    All other relief to which Plaintiff is entitled.


Respectfully submitted:

**STANLEY LAW, P.C.**


Michael J. Stanley
State Bar No. 19046600
mstanley@stanleylaw.com
230 Westcott Street, Suite 120
Houston, Texas 77007
(713) 980-4381 – Telephone
(713) 980-1179 – Facsimile

**ATTORNEYS FOR PLAINTIFF**

2/28/2025 3:23:18 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 97939593
By: JONES, PATRICIA D
Filed: 2/28/2025 3:23:18 PM



# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## 2025-13925 / Court: 152
### Request for Issuance of Service

CASE NUMBER: _____    CURRENT COURT: _____

Name(s) of Documents to be served: PLAINTIFF'S ORIGINAL PETITION _____

FILE DATE: _2/28/2025_____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

Issue Service to: JIANGSU Yingdeli Industrial Co., Inc. _____

Address of Service: c/o SECRETARY OF STATE, P.O. BOX 12079 _____

City, State & Zip: AUSTIN, TX 78711-2079 _____

Agent (if applicable) _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

☒ **Citation**    ☐ **Citation by Posting**    ☐ **Citation by Publication**    ☐ **Citations Rule 106 Service**

☐ **Citation Scire Facias**    Newspaper_____

☐ **Temporary Restraining Order**    ☐ **Precept**    ☐ **Notice**

☐ **Protective Order**

☒ **Secretary of State Citation ($12.00)**    ☐ **Capias** (not by E-Issuance)    ☒ **Attachment** (not by E-Issuance)

☐ **Certiorari**    ☐ **Highway Commission/Texas Department of Transportation ($12.00)**

☐ **Commissioner of Insurance ($12.00)**    ☐ **Hague Convention ($16.00)**    ☐ **Garnishment**

☐ **Habeas Corpus** (not by E-Issuance)    ☐ **Injunction**    ☐ **Sequestration**

☐ **Subpoena**

☐ **Other (Please Describe)** _____

(See additional Forms for Post-Judgment Service)

**SERVICE BY (check one):**
☐ **ATTORNEY PICK-UP (phone)** _____    ☒ **E-Issuance by District Clerk**
☐ **MAIL to attorney at:** _____    **(No Service Copy Fees Charged)**
☐ **CONSTABLE**    *Note:* The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by CONSTABLE**    used to retrieve the E-issuance Service Documents.
☐ **CERTIFIED MAIL by DISTRICT CLERK**    Visit www.hcdistrictclerk.com for more instructions

☒ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: PROCESS@COURTRECORDS.COM
Phone: (713) 227-3353
☐ **OTHER**, *explain*

**Issuance of Service Requested By:** Attorney/Party Name: MICHAEL STANLEY Bar # 19046600 _____

Mailing Address: 230 WESTCOTT STREET, SUITE 120, HOUSTON, TX 77007_____

Phone Number: (713) 980-4381_____

Unofficial Copy Office of Marilyn Burgess District Clerk

2/28/2025 3:23:18 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 97939593
By: JONES, PATRICIA D
Filed: 2/28/2025 3:23:18 PM



# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK
201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

# 2025-13925 / Court: 152
## Request for Issuance of Service

CASE NUMBER: _____     CURRENT COURT: _____

**Name(s) of Documents to be served:** PLAINTIFF'S ORIGINAL PETITION _____

**FILE DATE:** _2/28/2025_____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to**: HARBOR FREIGHT TOOLS USA, INC. _____

Address of Service: 5444 WESTHEIMER, #1000 _____

City, State & Zip: HOUSTON, TX 77056 _____

Agent (if applicable) CORPORATE CREATIONS NETWORK, INC _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

☒ **Citation**     ☐ **Citation by Posting**     ☐ **Citation by Publication**     ☐ **Citations Rule 106 Service**

☐ **Citation Scire Facias**     Newspaper_____

☐ **Temporary Restraining Order**     ☐ **Precept**     ☐ **Notice**

☐ **Protective Order**

☐ **Secretary of State Citation ($12.00)**     ☐ **Capias** (not by E-Issuance)     ☐ **Attachment** (not by E-Issuance)

☐ **Certiorari**     ☐ **Highway Commission/Texas Department of Transportation ($12.00)**

☐ **Commissioner of Insurance ($12.00)**     ☐ **Hague Convention ($16.00)**     ☐ **Garnishment**

☐ **Habeas Corpus** (not by E-Issuance)     ☐ **Injunction**     ☐ **Sequestration**

☐ **Subpoena**

☐ **Other (Please Describe)** _____

**(See additional Forms for Post-Judgment Service)**

**SERVICE BY** (*check one*):
☐ **ATTORNEY PICK-UP** (phone) _____     ☒ **E-Issuance by District Clerk**
☐ **MAIL to attorney at:** _____     **(No Service Copy Fees Charged)**
☐ **CONSTABLE**     *Note:* The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by CONSTABLE**     used to retrieve the E-issuance Service Documents.
☐ **CERTIFIED MAIL by DISTRICT CLERK**     Visit www.hcdistrictclerk.com for more instructions

☒ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: PROCESS@COURTRECORDS.COM
Phone: (713) 227-3353
☐ **OTHER**, *explain*

**Issuance of Service Requested By:** Attorney/Party Name: MICHAEL STANLEY Bar # 19046600 _____

Mailing Address: 230 WESTCOTT STREET, SUITE 120, HOUSTON, TX 77007 _____

Phone Number: (713) 980-4381 _____

Unofficial Copy Office of Marilyn Burgess District Clerk



2/28/2025 3:23:18 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 97939593
By: JONES, PATRICIA D
Filed: 2/28/2025 3:23:18 PM

**Marilyn Burgess**

HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

# 2025-13925 / Court: 152
### Request for Issuance of Service

CASE NUMBER: _____    CURRENT COURT: _____

**Name(s) of Documents to be served:** PLAINTIFF'S ORIGINAL PETITION _____

**FILE DATE:** _2/28/2025_____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to**: HARBOR FREIGHT CORPORATE, LLC. _____

Address of Service: 5444 WESTHEIMER, #1000 _____

City, State & Zip: HOUSTON, TX 77056 _____

Agent (if applicable) CORPORATE CREATIONS NETWORK, INC _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

☒ **Citation**  ☐ **Citation by Posting**  ☐ **Citation by Publication**  ☐ **Citations Rule 106 Service**

☐ **Citation Scire Facias**    Newspaper_____

☐ **Temporary Restraining Order**  ☐ **Precept**  ☐ **Notice**

☐ **Protective Order**

☐ **Secretary of State Citation ($12.00)**  ☐ **Capias** (not by E-Issuance)  ☐ **Attachment** (not by E-Issuance)

☐ **Certiorari**  ☐ **Highway Commission/Texas Department of Transportation ($12.00)**

☐ **Commissioner of Insurance ($12.00)**  ☐ **Hague Convention ($16.00)**  ☐ **Garnishment**

☐ **Habeas Corpus** (not by E-Issuance)  ☐ **Injunction**  ☐ **Sequestration**

☐ **Subpoena**

☐ **Other (Please Describe)** _____

*(See additional Forms for Post-Judgment Service)*

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP (phone)** _____    ☒ **E-Issuance by District Clerk**
☐ **MAIL to attorney at:** _____    **(No Service Copy Fees Charged)**
☐ **CONSTABLE**    *Note*: The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by CONSTABLE**    used to retrieve the E-issuance Service Documents.
☐ **CERTIFIED MAIL by DISTRICT CLERK**    Visit www.hcdistrictclerk.com for more instructions

☒ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: PROCESS@COURTRECORDS.COM
Phone: (713) 227-3353
☐ **OTHER**, *explain*

**Issuance of Service Requested By:** Attorney/Party Name: _MICHAEL STANLEY_ Bar # _19046600_____

Mailing Address: 230 WESTCOTT STREET, SUITE 120, HOUSTON, TX 77007_____

Phone Number: (713) 980-4381_____

Unofficial Copy Office of Marilyn Burgess District Clerk